IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. THOMPSON, JR., | : Civil No. 1:20-CV-00050 |
| Plaintiff, | : |
| v. | : Judge Jennifer P. Wilson |
| HARLEY-DAVIDSON MOTOR COMPANY, and INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, *et al.*, | : |
| Defendants. | : Magistrate Judge Martin C. Carlson |

## **MEMORANDUM**

This case arises from a dispute between Plaintiff Thomas W. Thompson, Jr. ("Thompson"), his former employer, the Harley-Davidson Motor Company ("Harley-Davidson"), and the union that represents Harley-Davidson employees, the International Association of Machinists and Aerospace Workers ("the union"). The case, which was originally filed in state court and subsequently removed to this district, is presently before the court on a report and recommendation from United States Magistrate Judge Martin C. Carlson. The report and recommendation concludes that Thompson's state law claims are preempted by federal law and recommends dismissing the claims as untimely. After reviewing the report and recommendation, this court concludes that it lacks subject matter jurisdiction to decide this case. Accordingly, the report and recommendation is rejected and this case is remanded to state court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Thompson began working for Defendant Harley-Davidson as a temporary employee in January 2017. (Doc. 1 at 13.) After he began this temporary employment, Harley-Davidson and the union allegedly told him that he would be offered a permanent position with the company if he agreed to join the union. (*Id.*) Thompson subsequently joined the union, and, despite the alleged representations made by Harley-Davidson and the union, Harley-Davidson terminated his employment in June 2017. (*Id.* at 13–14.)

The legal dispute between the parties began when Thompson filed an action arising from his firing in the York County Court of Common Pleas on May 22, 2019, raising federal claims under the National Labor Relations Act ("NLRA") and the Labor Management Relations Act ("LMRA") along with state law claims. *See Thompson v. Harley-Davidson Motor Co.*, No. 1:19-CV-01136 ("*Thompson I*"), Doc. 1-2 (M.D. Pa. filed July 2, 2019). Defendants removed the case to this district on July 2, 2019. *Thompson I*, Doc. 1. On December 4, 2019, United States District Judge Yvette Kane adopted Judge Carlson's report and recommendation, dismissed Thompson's federal claims, and remanded the case to Pennsylvania state court "solely for the purpose of allowing Plaintiff to file an amended complaint in state court alleging any state law claims he may have that are wholly independent

of a collective bargaining agreement, or assertions of unfair labor practices." *Thompson I*, Doc. 35.

Following the remand, Thompson filed an amended complaint on December 20, 2019, raising claims for common law fraud, misrepresentation, and civil conspiracy. (Doc. 1.) Defendants again removed the case to this district on January 10, 2020. (*Id.*) Defendant Harley-Davidson then moved to dismiss Thompson's amended complaint on January 13, 2020. (Doc. 2.) Thompson moved to remand the case back to state court on January 28, 2020, and the union moved to dismiss the amended complaint on the same day. (Docs. 5, 8.) On January 31, 2020, Thompson filed a second amended complaint, which both Defendants subsequently moved to dismiss. (Docs. 10, 12–13.)

Judge Carlson issued a report and recommendation addressing the motions to dismiss and the motion to remand on March 10, 2020. (Doc. 17.) The report and recommendation concludes that Thompson's claims, despite being labeled as state law claims, are preempted by federal law under the NLRA. (*Id.* at 10–14.) The report and recommendation then concludes that the claims are time barred based on the NLRA's statute of limitations and recommends dismissing them on that basis. (*Id.* at 15–17.) Thompson objected to the report and recommendation on March 19, 2020, arguing, inter alia, that the court does not have subject matter jurisdiction over the case. (Docs. 18–19.) Both defendants subsequently filed

briefs in opposition to the objections, and Thompson then filed a reply brief in support of the objections. (Docs. 20–21, 29.) With those briefs having been filed, the report and recommendation is now ripe for the court's review.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

## DISCUSSION

As a threshold matter, the court must analyze whether it has subject matter jurisdiction to hear the case. *Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017) (noting that courts are obligated to consider subject matter jurisdiction as an

"antecedent question"). The report and recommendation concludes that the court has subject matter jurisdiction because Thompson's state law claims are completely preempted by the NLRA. (Doc. 17 at 14–15 n.2.) This court respectfully disagrees.

A district court may only exercise subject matter jurisdiction over a case that is removed from state court if the court has original jurisdiction over the case. 28 U.S.C. § 1441. Original subject matter jurisdiction must be based on either federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331–32.

A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463, U.S. 1, 9–10 (1983)). Thus, federal defenses ordinarily do not provide a basis for a district court to exercise subject matter jurisdiction. *Id.*

Federal preemption "is ordinarily a federal defense to the plaintiff's suit" that "does not authorize removal to federal court." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). There is a narrow exception to this rule, however, where a plaintiff's state law claims are

completely preempted by federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009). "Under this so-called complete preemption doctrine, a plaintiff's state cause of action may be recast as a federal claim for relief, making its removal by the defendant proper on the basis of federal question jurisdiction." *Id.* (internal alterations and quotation marks omitted).

The complete preemption doctrine is "very limited" in scope. *Ry. Labor Execs. Ass'n v. Pittsburgh & Lake Erie R. Co.*, 858 F.2d 936, 942 (3d Cir. 1988). Since the Supreme Court first recognized the doctrine in 1968, the Court has only applied the doctrine in three cases. *See N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014) (collecting cases). In most cases, a plaintiff may "avoid federal jurisdiction by exclusive reliance on state law." *Ry. Labor Execs. Ass'n*, 858 F.2d at 942 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The complete preemption doctrine applies when 'the pre-emptive force of the federal statutory provision is so powerful as to displace entirely any state cause of action addressed by the federal statute. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of the federal provision.'" *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 354 (3d Cir. 1995) (internal alterations omitted) (quoting *Franchise Tax Bd.*, 463 U.S. at 23). The doctrine is inapplicable

if the federal statute at issue "creates no federal cause of action vindicating the same interest the plaintiff's state cause of action seeks to vindicate." *Id.*

The fact that a claim may be preempted by federal law does not mean that it is subject to the complete preemption doctrine. *Caterpillar*, 482 U.S. at 398. "Removal and preemption are two distinct concepts." *Dukes*, 57 F.3d at 355 (quoting *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995)). Thus, even if a case is remanded to state court for lack of complete preemption, defendants may still raise the defense of federal preemption in the state court proceedings. *Id.* "State courts are competent to determine whether state law has been preempted by federal law and they must be permitted to perform that function in cases brought before them, absent a Congressional intent to the contrary." *Ry. Labor Execs. Ass'n*, 858 F.2d at 942.

Given the limited scope of the complete preemption doctrine, courts have declined to find complete preemption even where state law claims could fairly be characterized as claims under the NLRA. In *Kline v. Security Guards, Inc.*, 386 F.2d 246 (3d Cir. 2004), for example, the Third Circuit considered claims brought by unionized employees against a corporation over a surveillance system that the corporation had allegedly installed to monitor the employees. *Id.* at 249–50. The court acknowledged that the plaintiffs' state law claims might be preempted by the NLRA, but cautioned that such preemption "is not the type of *complete* preemption

that would provide Defendants with a basis for federal question jurisdiction." *Id.* at 262–63 (emphasis in original).

Similarly, in *Caterpillar*, plaintiffs were employees of the Caterpillar Tractor Company who alleged that Caterpillar promised them "indefinite and lasting employment" with the company. *Caterpillar*, 482 U.S. at 388. When the employees were subsequently laid off, they brought suit against Caterpillar, alleging that the company had breached the individual employment contracts with the employees. *Id.* at 390. The Court held that the breach of contract claims were not completely preempted by federal law because the federal law at issue—the NLRA and the LMRA—did not govern the validity of individual employment contracts. *Id.* at 394. The Court accordingly held that the action had to be remanded to state court and specified that the defense of preemption could still be raised in the state court proceeding. *Id.* at 397–99.

This case is similar to *Caterpillar*. Like the plaintiffs in *Caterpillar*, Thompson alleges that Defendants made false representations that he would have a permanent job if he took certain actions. (*See* Doc. 1 at 13–14.)[1] Although Thompson's claims sound in fraud and misrepresentation while the plaintiffs'

---

[1] The court's discussion is based on Thompson's allegations in the amended complaint he filed in state court rather than the second amended complaint he subsequently filed in federal court. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 ("Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed.").

claims in *Caterpillar* were based on a breach of contract theory, both claims sought to hold defendants liable under state common law for promises made on an individual basis. (*See id.*; *Caterpillar*, 482 U.S. at 394–95.) Though Thompson could have brought claims for unfair labor practices under the NLRA, he "chose not to do so." *Caterpillar*, 482 U.S. at 395. The fact that his claims could have alternatively been pleaded as NLRA claims does not mean that the NLRA completely preempts his claims. *Id.* at 396–97.

      Accordingly, in line with the Court's decision in *Caterpillar*, the court finds that the complete preemption doctrine does not apply to Thompson's claims. Because the doctrine does not apply and there is no other basis for the court to exercise subject matter jurisdiction, the court concludes that it lacks subject matter jurisdiction over this case. The case will accordingly be remanded to the York County Court of Common Pleas on that basis. This decision does not preclude Defendants from raising the defense of federal preemption after the case has been remanded. *See id.* at 397–98 (noting that a defendant may still argue that a plaintiff's claims are preempted by the NLRA despite a finding that the NLRA does not completely preempt the claims).

## CONCLUSION

For the foregoing reasons, the report and recommendation is rejected and this case is remanded to the York County Court of Common Pleas. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: June 4, 2020